PEOPLE, PLAINTIFF AND APPELLEE, *v.* MOLL, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution
for Carrying Arms.

No. 1550.—Decided July 22, 1920.

ARMS—CARRYING WEAPONS.—The intention of the law that forbids the carrying
of arms is to punish a person who carries a prohibited weapon, but not a
person who may casually take one in his hand. In this case the defendant
had in his hands for some moments a revolver with which he fired several
shots, but it having been shown that he was not the owner of the weapon;
that he did not carry it on his person nor have it in his possession, but only
used it for the express purpose of attracting the attention of the police to
a fight between two men, it cannot be held that the defendant violated the
law.

The facts are stated in the opinion.

*Mr. J. Rosario Gelpí* for the appellant.

*Mr. J. E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

It was charged that Miguel Moll wilfully carried on his
person a revolver which he drew in the middle of a street
of Adjuntas on October 25, 1919, and fired five shots.

After a trial in the district court the defendant was found
guilty and sentenced to pay a fine of $5 or to be imprisoned
one day for each dollar not paid, whereupon he appealed
to this court.

The evidence examined by the prosecution at the trial
and considered by the court consisted of the testimony of
three witnesses. Two of them were insular policemen who
testified substantially that upon hearing some shots they went
to the place where they were fired and found two men fight-
ing at a dance; that they searched the men and found no
weapons; that they then approached the defendant, who was
standing in the street, and asked him if he knew who had
fired the shots, whereupon he answered: "I fired them so
that you would come and arrest these men who were brawling

in that house." The defendant did not have the revolver. The other witness testified that the defendant "fired the shots because of a disturbance there; that he took the revolver from Pelayo Aparicio who was with him in order to summon aid, as he said that the police would come as soon as they heard the shots," and that the defendant immediately returned the revolver to Aparicio.

We are of the opinion that the evidence is not sufficient to support the judgment of conviction.

The statute supposed to have been violated provides that if any person shall carry on or about his person, saddle, saddle-bags or panniers, any pistol, dirk, dagger, sling-shot, sword, sword-cane, cudgel, spear or knuckles, he shall be liable to certain punishment. Section 5994, Compilation of 1911.

Therefore, the intention of the law is to punish one who carries such a weapon on or about his person, but it does not include one who may casually take it in his hand, and this is all that the defendant is shown to have done. The evidence for the prosecution shows that the defendant had a revolver in his hand for some moments and fired several shots with it, but it also shows that he was not the owner of the weapon; that he did not carry it on his person nor keep it in his possession, but only used it for the express purpose of attracting the immediate attention of the police so that they might know of a fight between two men.

The judgment appealed from must be reversed and the defendant discharged.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.